# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ANGELA MALLOY** )<br>    8647 Greenbelt Road, Apt. T1 )<br>    Greenbelt, Maryland 20770 )<br>                                                    )<br>        Plaintiff, )<br>                                                    )<br>        v. )<br>                                                    )<br>**TARGET CORPORATION** )<br>    1000 Nicollet Mall )<br>    Minneapolis, MN 55403 )<br>                                                    )<br>        Defendant. ) | **Civil Case No.** _____<br><br><br><br><br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT

Angela Malloy (hereinafter "Plaintiff" or "Ms. Malloy' "), by and through his undersigned counsel, Deyka Williams Spencer and The Spencer Firm, LLC, hereby files this Complaint against the Target Corporation (hereinafter "Defendant" or "Target") for unlawful employment practices on the basis of race (African American),color (Black,) sex (Female), sexual harassment, a hostile work environment, retaliation, and disparate treatment in violation of the Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S.C. §2000e, *et seq.* and *MD Code Ann., State Govt. Art.§§ 20-602, 20-611.)*

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under laws of the United States, specifically Title VII, as amended, 42 U.S.C. §2000e, *et seq*.

2. Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, a corporation doing business within the State of Maryland. *Id*.

## EXHAUSTION OF REMEDIES

3. Plaintiff has exhausted all of her administrative remedies.

4. On or about December 15, 2021, Plaintiff submitted a Form 5 Charge for Discrimination with the Equal Employment Opportunity Commission ("EEOC"), recorded as Agency No. 531-2022-00815 in which she alleged that she was subjected to disparate treatment, unequal terms of employment, denied a continuing Safe & Secure Order against a co-worker who was stalking and harassing her in pursuit of an unwanted sexual relationship, was threatened with termination if she continued to file complaints against her harasser/stalker and management, and has been forced to work with her harasser/stalker, despite the ongoing harassment and stalking. The disparate treatment and retaliation is based on Plaintiff's color (Black), race (African American), and sex (female), sexual harassment, hostile work environment, and retaliation in in violation of Title VII and Maryland Employment Discrimination law, and Maryland anti-discrimination and harassment laws.

5. The claims were investigated by the EEOC. Target submitted a position statement and Plaintiff submitted a rebuttal.

6. The Plaintiff received her Right to Sue (RTS) letter from the EEOC on May 26, 2022. Thus this Complaint is timely – filed withing 90 days of receiving the RTS letter.

7. At all times relevant to the below claims herein, Target was served with a Preservation of Evidence-Spoilation Notice on or about June 16, 2022, and August 12, 2022.

## PARTIES

8. Plaintiff Malloy is a resident of Maryland and a United States Citizen.

9. Defendant, Target, is a U.S. Corporation whose principal place of business is in Minneapolis, Minnesota, Hennepin County and is registered to do business as a foreign corporation in the State of Maryland (F0405639). Thus Target is subject to lawsuit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of its employees or agents and is therefore liable, pursuant to the doctrine of *Respondeat Superior*.

## FACTUAL BACKGROUND

10. Plaintiff incorporates all information and allegations contained in the preceding paragraphs, as if fully set forth herein.

11. At all times relevant to the claims made herein, Plaintiff was and still is a part-time team member and Guest Advocate primarily in the Cash Office at the Bowie, Maryland Target store ("T-1004").

12. Plaintiff Malloy began working for Defendant as a Guest Advocate on September 2, 2006.

13. Plaintiff was under the governance and supervision of Store Manager Maria Bishop (hereinafter "Ms. Bishop") (Caucasian female) and Store Director Kristen Lynch (Caucasian female) (hereinafter "Ms. Lynch").

14. At all times relevant to the claims herein Nechole Pak (hereinafter "HRBP Pak" was the Human Resources Business Partner assigned to the Bowie, Maryland Target store.

15. At all times relevant to the claims herein Allan Rodas (hereinafter "Mr. Rodas") was the district level Human Resource Specialist for Target.

3

16. At all times relevant to the claims herein, Sharonah Moore (hereinafter "Ms. Moore") was a Bowie, Maryland store team member and peer of Ms. Malloy employed at the same Bowie, Maryland store as Plaintiff.

17. Plaintiff's color is Black, race is African American, and sex is female.

18. Ms. Malloy, in her 16 years of employment with Defendant, has no incidents or violations of policy and had never filed a complaint against another employee.

19. At all times relevant to the claims herein, on or about November 2020, Ms. Malloy reported to Store Director Lynch and Human Resources that she was being stalked, sexually harassed, and harassed by Ms. Moore who was in pursuit of a romantic relationship with Ms. Malloy.

20. At all times relevant to the claims herein, Ms. Malloy repeatedly reported to store leadership that she did not feel safe around Ms. Moore because Ms. Moore was stalking and harassing her at work and outside of work in pursuit of a romantic relationship with Ms. Malloy.

21. At all times relevant to the claims herein, Target admitted in its Position Statement to the EEOC that Ms. Malloy reported to store leadership and human resources that she did not feel safe around Ms. Moore.

22. At all times relevant to the claims herein, Ms. Moore is a Black, African American female.

23. At all times relevant to the claims herein, on or about December 3, 2020, Store Director Lynch and HRBP Pak set in place a Safe & Secure Order for Ms. Malloy barring Ms. Moore from contacting Ms. Malloy, directing Ms. Moore not to come to the Bowie, Maryland store when she was not scheduled to work, and scheduling Ms. Malloy and Ms. Moore to work opposite/different shifts.

24. Since December 3, 2020, and ongoing, Ms. Moore repeatedly violated the Safe & Secure Order by coming to the store when she was not scheduled to work, called the store continuously asking for Ms. Malloy, stalked and harassed Ms. Malloy while she worked, stalked and harassed Ms. Malloy by waiting in the parking lot for her after work; and stalked and harassed Ms. Malloy by continuously texting and calling her.

25. Since December 3, 2020, and ongoing Ms. Moore had to be escorted from the store several times for coming to the store while not on shift in violation of the Safe & Secure Order.

26. Since November 2020 until January 12, 2021, Target did not discipline Ms. Moore for violating the Safe & Secure Order or for disregarding direct store management orders not to have any contact with Ms. Malloy.

27. At all times relevant to the claims herein, Target leadership did not discipline Ms. Moore for violation of the Safe & Secure Order or for directly disregarding store leadership orders to have no contact with Ms. Malloy until January 12, 2021. On January 12, 2021, Target Bowie, Maryland Store leadership issued Ms. Moore Corrective Action Counseling.

28. At all times relevant to the claims herein, despite the Corrective Action Counseling, Ms. Moore continued to violate the Safe & Secure Order and direct store leadership orders not to have any contact with Ms. Malloy by stalking and harassing Ms. Malloy in person, by telephone, and via text messages. Ms. Moore continues today to violate direct orders by store leadership to have no contact with Ms. Malloy and continues to try to contact Ms. Malloy while at work and outside of work via third-party Target employees.

29. Since October 2, 2021, Store Director Bishop, and HRBP Lynch have subjected Ms. Malloy to unequal terms and conditions of employment, sexual harassment, a hostile work

environment, disparate treatment and retaliation when they allowed Ms. Moore to start working the same shifts/hours as Ms. Malloy in violation of the Safe & Secure Order.

30. On or about October 3, 2021, Ms. Bishop and Ms. Lynch told Ms. Malloy the Safe and Secure Order set in place to protect her against Ms. Moore had expired and told Ms. Malloy that they could no longer keep Ms. Moore from working the same hours/schedule as Ms. Malloy despite the fact that Ms. Moore was still stalking and harassing Ms. Malloy at work and outside of work.

31. On or about November 8, 2021, Ms. Malloy reported to Ms. Bishop and Ms. Lynch that Ms. Moore had been waiting for her outside the store in the parking lot when she exited the store to go home after her shift and that Ms. Moore drove off at a high rate of speed near Ms. Malloy in an attempt to intimidate her.

32. Prior to November 8, 2021, and after November 8, 2021, Ms. Malloy reported to Ms. Bishop and Ms. Lynch that she felt unsafe and was in fear of Ms. Moore. Ms. Lynch and Ms. Bishop failed to properly investigate Ms. Malloy's complainants and concerns including but not limited to talking to witnesses, reviewing video surveillance, and setting in place a new or renewing the prior Safe & Secure Order.

33. At all times relevant to the claims herein, Target has failed to protect Ms. Malloy from Ms. Moore's stalking and harassment or to provide her with a safe and secure work environment.

34. At all times relevant to the claims herein, Ms. Moore continues to stalk and harass Ms. Malloy at work and outside of the store, leaving her own assigned duties and/or cash register to follow Ms. Malloy around the store, jumping onto Ms. Malloy's cash register, and asking third

6

parties to contact Ms. Malloy on her behalf, after Ms. Malloy blocked Ms. Moore from all communications.

35. On or about October 2-3, 2021, Ms. Malloy has been subjected to sexual harassment, harassment, a hostile work environment, disparate treatment, retaliation and unequal terms and conditions of employment when Ms. Lynch, Ms. Bishop, and Mr. Rodas failed to properly investigate Ms. Malloy's ongoing complaints against Ms. Moore.

36. On or about October 12-13, 2021, Mr. Rodas and Ms. Lynch told Ms. Malloy they would try to schedule Ms. Moore for different hours/shifts, but they said could not guarantee it.

37. On or about October 12-13, 2021, and ongoing Ms. Bishop and Ms. Lynch have purposely scheduled Ms. Moore to work the same shift as Ms. Malloy.

38. On or about November 19, 2021, Ms. Lynch, in the presence of Ms. Pak ordered and threatened Ms. Malloy to stop filing complainants against Ms. Moore, and Store Director Bishop or she would be terminated.

39. At all times relevant to the claims herein, Ms. Malloy has been subjected to discrimination based on race, color, and sex as Ms. Bishop, Ms. Pak, Ms. Rodas have failed to discipline Ms. Malloy's harasser/stalker, Ms. Moore, while other non-Black/African American employees who have complained of sexual harassment, had their complaints taken seriously, and their harassers terminated.

40. At all times relevant to the claims herein, Target admitted in its Position Statement filed with the EEOC that a Caucasian female filed a complaint of sexual harassment against a Black male team member for engaging in inappropriate physical conduct and that that Black *male* team member was terminated.

41. At all times relevant to the claims herein, Target admits to terminating a Kamara Fulmore was terminated for conduct violations and her inability to behave in a respectful manner and failed to follow the instructions of leader and was terminated, unlike Ms. Moore repeatedly ignored instructions from team leaders and managers to have no contact with Plaintiff but was not disciplined and/or terminated.

42. At all times relevant to the claims herein, Target and the aforementioned team members failed to adhere to Target's progressive disciplinary policy and did not discipline Ms. Moore for constant violation of a store leaderships orders to have no contact with Ms. Malloy.

43. At all times relevant to the claims herein, Target now denies that any Safe & Secure Order was ever set in place.

44. At all times relevant to the claims herein, Ms. Malloy has now identified at least three (3) witnesses to dispute Target's denial of the Safe & Secure Order, and to dispute Target's false assertions that Ms. Moore complied with store leadership's orders. In fact, Ms. Malloy's witness affirm that Ms. Moore continuously disregarded direct orders not to contact Ms. Malloy, not to come into the store or on store property when she was not scheduled to work.

45. At all times relevant to the claims herein, Target has failed to provide Ms. Malloy with a safe and secure place to work and she continues to be afraid of Ms. Moore and is in fear for her safety at work and outside of work.

46. At all times relevant to the claims herein, Target failed to take progressive disciplinary action against Ms. Moore, and in fact offered to transfer Ms. Malloy to another store instead of disciplining, including but not limited to suspending, terminating, and or transferring Ms. Moore to another store.

47. At all times relevant to the claims herein, Ms. Malloy has suffered stress and anxiety as a direct and proximate result to Target's failure to protect her in the workplace and to provide her a safe and secure place to work.

48. At all times relevant to the claims herein, as a direct and proximate result of Target's failure to protect Ms. Malloy in the workplace and to provide her with a safe and secure place at work, Ms. Malloy has had to seek medical treatment for her stress and anxiety.

49. At all times relevant to the claims herein, Ms. Malloy has suffered actual damages for loss of time off work due to the stress and anxiety.

## CAUSES OF ACTION

### COUNT ONE
**(Discrimination on the Basis of Race, Sex, Color)**
42 U.S.C. §2000e, *et seq.* & MD Code Ann. § 20-602.

50. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

51. Plaintiff is a member of a protected class.

52. During the course of Plaintiff's employment with Defendant, Defendant, by and through its agents and employees, discriminated against Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her sex (female), color (Black), and race (African American, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and MD Code Ann. § 20-602.

53. The above-described unwelcome sex, race, and color discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

54. As a result of the hostile and offensive work environment perpetrated by Defendant's agents Bishop, Lynch, Pak, and Rodas, and maintained by Defendant Targets failure to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress, and physical pain.

55. Defendant Target through its agents or supervisors failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Bishop, Lynch, Pak, and Rodas, as described above.

56. Defendant Target failed to take all reasonable and necessary steps to eliminate the sex discrimination, the race/color discrimination from the workplace and to prevent it from occurring in the future.

57. As a further direct and proximate result of Defendant Target's violation of Title VII of the Civil Rights Act of 1964, and MD Code. Ann. §20-602, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Target and has thereby incurred and will continue to incur legal fees and costs, of which the full nature and extent of which are presently unknown to Plaintiff.

**COUNT TWO**
**(Discrimination on the Basis of Sexual Harassment)**
42 U.S.C. §2000e, *et seq.* & *MD Code Ann. § 20-602*

58. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

59. Plaintiff is a member of a protected class.

60. Plaintiff was subjected to unwelcome, offensive and harassing sexually discriminatory conduct during her employment with Defendant Target, which was perpetrated

upon her by her female co-worker, Sharonah Moore, and that this conduct was based upon and directed at Plaintiff by reason of her gender.

61.     Plaintiff noticed Defendant Target of the unwelcomed conduct to the Store Manager Bishop, Store Director Lynch, HRBP Pak and HR Specialist Rodas of the sexually harassing and discriminatory conduct of Ms. Moore, and Target failed to take any appropriate corrective actions.

62.     This sexually harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

63.     Plaintiff, a female, was subjected to disparate treatment and treated differently by Defendant Target because her sexual harasser/stalker was another female, not male.

64.     Plaintiff was subjected to unequal terms and conditions of employment by Defendant Target as she was not offered the protections of a safe and secure work environment from her female co-worker who was harassing and stalking her in pursuit of a sexual relationship.

65.     Plaintiff was a victim of retaliatory conduct on the part of Defendant Target. Moreover, this conduct was ongoing and pervasive, is ongoing today, and constitutes a "continuing violation" of Plaintiff's rights. During the course of her employment, Plaintiff was forced to work in a sexually discriminatory and hostile work environment. Defendant Target at the Bowie, Maryland store were put on notice of the sexually harassing nature of its employee, Ms. Moore, and failed to take immediate corrective action, all to Plaintiff's detriment.

66.     Defendant Target's Bowie, Maryland store leadership was aware of the hostile work environment and acquiesced in the environment.

67. Ms. Moore's actions to stalk and harass Plaintiff were open and obvious to other employees – both management and non-management – at the Bowie, Maryland store.

68. Plaintiff complained to Defendant Target management and human resources at the store level and district level about the stalking and harassing behavior of Ms. Moore toward Ms. Malloy and has not yet taken any appropriate corrective action to stop the ongoing harassment.

69. Defendant Target failed to conduct any substantial internal investigation into the sexual harassment and stalking, nor did it adhere to its own progressive disciplinary policy other policies to protect Plaintiff in the workplace or to protect her rights.

70. As a direct and proximate result of the harassing and hostile sexual environment of Ms. Moore, and her supervisors, managers, store directors, human resources professionals, Plaintiff has suffered great embarrassment, humiliation, and mental and physical anguish.

**COUNT THREE**
**(Hostile Work Environment)**
42 U.S.C. §2000e, *et seq.* & MD Code Ann. § 20-602

71. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

72. Plaintiff is a member of a protected class.

73. Plaintiff was subjected to a hostile work environment when her employer cancelled a Safe & Secure Order and forced her to work the same hours/shifts as her stalker/harasser.

74. Plaintiff was subjected to a hostile work environment and unequal terms and conditions of employment as she was not offered the protections of a safe and secure work environment from her female co-worker who was stalking and harassing her in pursuit of a sexual relationship.

75. Plaintiff was subjected to a hostile work environment when her employer failed to discipline her harasser/stalker who continuously violated a direct orders not to contact Plaintiff in any way.

76. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant Target may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become know, Plaintiff will seek leave of Court to amend this Complaint in that regard.

77. As a direct and proximate result of Defendant Target's willful, knowing, and intentional discrimination, retaliation, and hostile work environment against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings, and other employment benefits. Plaintiff has further suffered other actual damages as and more medical costs of treatment. Plaintiff is thereby entitled to general and compensatory damages in the amounts to be proven at trial.

78. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Target and has thereby incurred and will continue to incur legal fees and costs, of which the full nature and extent of which are presently unknown to Plaintiff.

79. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitle to punitive and exemplary damages from Defendant in the sum according to proof at trial.

## COUNT FOUR
### (Retaliation)
*42 U.S.C. §2000e, et seq. & MD Code Ann. § 20-611*

80.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

81.     Plaintiff is a member of a protected class.

82.     Plaintiff was retaliated against by being forced to work with the person who was sexually harassing and stalking her at work and outside of work.

83.     Plaintiff was subjected to Retaliation when her employer instructed her to stop filing complaints against her stalker/harasser, the Store Director and Store Manager or she would be terminated.

84.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant Target may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become know, Plaintiff will seek leave of Court to amend this Complaint in that regard.

85.     As a direct and proximate result of Defendant Target's willful, knowing, and intentional discrimination, retaliation, and hostile work environment against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits. Plaintiff has further suffered other actual damages as and more medical costs of treatment. Plaintiff is thereby entitled to general and compensatory damages in the amounts to be proven at trial.

86.     As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Target

and has thereby incurred and will continue to incur legal fees and costs, of which the full nature and extent of which are presently unknown to Plaintiff.

87. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitle to punitive and exemplary damages from Defendant in the sum according to proof at trial.

## COUNT FIVE
### (Negligent Hiring and Retention of Employment Doctrine)

88. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth, herein.

89. Plaintiff is a member of a protected class.

90. There was a clear employer-employee relationship in which the Defendant employer, Target, and the above-mentioned supervisors, managers, directors, human resources personnel, officers and agents, had control over Ms. Moore's actions.

91. Defendant is responsible under *Respondeat Superior* as all of the above-mentioned Defendant employees' actions occurred within the scope of his/her/their employment.

92. Plaintiff was and is an employee of Defendant, whereas Defendant Target had control over both Plaintiff's and Ms. Moore's daily schedules, the details of the work and tasks they performed and how they performed the work. The work Plaintiff and Ms. Moore performed was a regular part of the employer's business and the business supplied the tools needed to complete the tasks Further, Defendant Target retained the right to terminate the employment of the parties.

93. Defendant Target owed Plaintiff a duty of due care to protect Plaintiff from injury – both physically and emotionally.

94. Defendant Target failed to provide such care as to protect Plaintiff.

95. As a direct and proximate result Plaintiff suffered emotional injury and loss of income as a result of Defendant Targets breach of that duty of care.

96. Defendant Target's, supervisors, managers, directors, human resources personnel, officers and agents, engaged in the conduct to discriminate against Plaintiff as part of their ordinary employment duties, and the decisions to discriminate against Plaintiff was to the benefit of the employer, Defendant Target has ratified their acts of discrimination, harassment, a hostile work environment, retaliation, and disparate treatment.

97. The above-mentioned supervisors, managers, directors, human resources personnel, officers and agents were acting within the scope of employment when they discriminated against and subjected Plaintiff to discrimination, harassment, a hostile work environment, retaliation, and disparate treatment.

98. Defendant Target is liable for the harm to Plaintiff because Defendant was put on notice of, ad knowledge of, or should have knowledge that Ms. Moore actions, inside and outside of work.

99. Defendant Target has clear written policies, procedures, rules and regulations outlining prohibited conduct while on the job and negligently failed to follow those policies.

100. As a direct and proximate result of Defendant Target's willful, knowing, and intentional failure to discipline and/or terminate Ms. Moore, Plaintiff has suffered emotional harm.

101. As a direct and proximate result of Defendant's negligent retention of Ms. Moore, Plaintiff has suffered and will continue to suffer pain, humiliation, and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits. Plaintiff

has further suffered other actual damages as and more medical costs of treatment. Plaintiff is thereby entitled to general and compensatory damages in the amounts to be proven at trial.

102. As a further direct and proximate result of Defendant's Negligent Retention, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Target and has thereby incurred and will continue to incur legal fees and costs, of which the full nature and extent of which are presently unknown to Plaintiff.

103. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitle to punitive and exemplary damages from Defendant in the sum according to proof at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Angela Malloy, demands judgment against Defendant in an amount which will compensate her for:

1. Violation of her rights under Title VII of the Civil Rights Act of 1964; and Maryland anti-discrimination and harassment laws.

2. Compensatory damages including last wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future, and past and future medical expenses;

3. Punitive damages to punish Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

4. A permanent injunction against future acts of discrimination, harassment, retaliation, hostile work environment, and disparate treatment against

  Plaintiff by Target and the e Bowie, Maryland store management, human resources and its corporate officers, managing agents, and/or supervisors.

5. Trial by jury on all triable issues;

6. Costs expended herein, including reasonable attorneys' fees;

7. Pre-judgment and post-judgment interest;

8. Award of any medical costs and expenses incurred, past and future, as a result of Defendant's unlawful conduct; I

9. Injunctive relief to transfer, discipline, and or terminate Plaintiff's harasser;

10. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

11. Sexual Harassment Training for the supervisors, managers, directors, and human resources business partners at issue herein;

12. Award equitable, declaratory, and injunctive relief; and

13. Award such other and further relief as this Honorable Court deems just and proper.

                Respectfully submitted,

                _____/s/_____
                Deyka Williams Spencer, Esq.
                THE SPENCER FIRM, LLC.
                Bar Number: 979180
                1 Research Court, Suite 450-92
                Rockville, MD 20850
                Telephone: (301)637-2866
                Fax: (866)686-2126
                Email: dspencer@spencer-firm.com