IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANGELA MALLOY, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TJS-22-2088 |
| TARGET CORPORATION, | * | |
| Defendant. | * | |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

This case is assigned to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF No. 13. Pending before the Court is the Motion to Dismiss filed by Defendant Target Corporation. ECF No. 17. Having considered the parties' submissions (ECF Nos. 17, 24 & 25), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, the Motion will be granted Plaintiff's claim will be dismissed without prejudice.

**I.    Background**

Plaintiff Angela Malloy ("Ms. Malloy") is self-represented. At the time that her Complaint was filed, however, she was represented by an attorney. *See* ECF No. 1. The following allegations are accepted as true for the purpose of Target's Motion. At all relevant times, Ms. Malloy was employed at Target as a "part-time team member and Guest Advocate" at the Bowie, Maryland store. *Id.* ¶ 10. Ms. Malloy states that she is "Black, race is African American, and sex is female." *Id.* ¶ 17. At all relevant times, Ms. Malloy's supervisors were Store Manager Maria Bishop ("Bishop"), a white female, and Store Director Kristen Lynch ("Lynch"), a white female. *Id.* ¶ 13. Ms. Malloy interacted with two human resources employees during the relevant times: Nechole

Pak ("Pak"), who was assigned to the Bowie store, and Allan Rodas ("Rodas"), Target's district-level human resources specialist. *Id.* ¶¶ 14-15.

Ms. Malloy alleges that "in her 16 years of employment with Defendant, [she had] no incidents or violations of policy and had never filed a complaint against another employee," other than the one at issue in this case. *Id.* ¶ 18. During November 2020, Ms. Malloy reported to Lynch that "she was being stalked, sexually harassed, and harassed" by another employee, Sharonah Moore ("Moore"), a Black woman. *Id.* ¶ 19. Ms. Malloy told Lynch that Moore "was in pursuit of a romantic relationship with Ms. Malloy." *Id.* Ms. Malloy was not interested in such a relationship with Moore. *Id.* Ms. Malloy "repeatedly" made reports to store leadership that she "did not feel safe around Ms. Moore because Ms. Moore was stalking and harassing her at work and outside of work." *Id.* ¶ 20.

In response to Ms. Malloy's complaints, on December 3, 2020, Lynch and Pak "set in place a Safe & Secure Order" for Ms. Malloy, barring Moore from contacting Ms. Malloy, directing Moore not to come to the Bowie store when she was not scheduled to work, and scheduling Ms. Malloy and Moore on different shifts. *Id.* ¶ 23. Moore "repeatedly violated" the Safe & Secure Order by visiting the store outside of her scheduled work hours, calling the store "continuously" to ask for Ms. Malloy, stalking and harassing Ms. Malloy while she worked, waiting for Ms. Malloy in the parking lot after work, and continuously texting and calling Ms. Malloy. *Id.* ¶ 24. Moore had to be escorted away from the Bowie store several times for violating the Safe & Secure Order. *Id.* ¶ 25. Still, Target did not discipline Moore until January 12, 2021, at which time Target issued Corrective Action Counseling to Moore. *Id.* ¶ 27. Moore continued to violate the Safe & Secure Order even after receiving Corrective Action Counseling. *Id.* ¶ 28.

In early October 2021, Bishop and Lynch determined that Moore would be permitted to work the same shifts and hours as Ms. Malloy, despite Moore's problematic conduct. *Id.* ¶ 29. They told Ms. Malloy that the Safe & Secure Order had expired. *Id.* ¶ 30. About a month later, on November 8, 2021, Ms. Malloy reported to Bishop and Lynch that Moore "had been waiting for her outside the store in the parking lot when she exited the store to go home after her shift" and that Moore had driven off "at a high rate of speed near Ms. Malloy in an attempt to intimidate her." *Id.* ¶ 31. Bishop and Lynch did not take Ms. Malloy's complaints seriously, did not investigate the complaints, and did not reinstitute the Safe & Secure Order. *Id.* ¶ 32. In fact, according to Ms. Malloy, Bishop and Lynch have "purposely scheduled Ms. Moore to work the same shift as Ms. Malloy." *Id.* ¶ 37. And on November 19, 2021, Pak "ordered and threatened Ms. Malloy to stop filing complaint[s] against Ms. Moore" and Bishop "or she would be terminated." *Id.* ¶ 38.

The Complaint contains allegations concerning how Target responded to other employees' complaints of harassment. In the case of an unidentified white female employee who complained that a Black male employee was harassing her by engaging in inappropriate physical contact, Target terminated the Black male employee. *Id.* ¶ 40. Another employee, Kamara Fulmore, was terminated "for conduct violations and her inability to behave in a respectful manner and . . . to follow the instructions of" her supervisor. *Id.* ¶ 41. Ms. Malloy alleges that, like Kamara Fulmore, Moore "ignored instructions from team leaders and managers," but unlike Kama Fulmore, Moore was not terminated for this misconduct. *Id.*

Ms. Malloy alleges that she was injured by Target's failures to provide her with a safe and secure workplace, and by its failures to appropriately deal with Moore's misconduct. *Id.* ¶¶ 45-49.

Target moves to dismiss all of Ms. Malloy's claims. ECF No. 17. The Motion is ripe for decision.

## II. Discussion

Target argues that all of Ms. Malloy's claims must be dismissed with prejudice under Rule 12(b)(6). ECF No. 17. In response, Ms. Malloy generally argues that she has a witness who could "attest to [her] claims." ECF No. 24 at 2. She explains her understanding of Target's Counseling and Corrective Action Guidelines, and states that her witness "can attest to the fact that [Target] did not follow" its own policy in relation to Moore's misconduct. *Id.* at 3. Ms. Malloy also states that she has "direct evidence" that Moore continues to harass her. *Id.* Finally, Ms. Malloy reiterates the injuries she suffered because of Target's alleged unlawful employment activities, and requests that the Court consider the rebuttal that Ms. Malloy submitted to the EEOC in March 2022 in response to Target's Position Statement. *Id.* at 4. Ms. Malloy does not specifically address the legal arguments that Target presented in its Motion.

### A. Legal Standard

Rule 12(b)(6) permits a court to dismiss a complaint if it fails to "state a claim upon which relief can be granted." "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, [and not to] resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (internal quotation marks omitted). A complaint must consist of "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). When considering a motion to dismiss, a court must accept as true the well-pled allegations of the complaint and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir.

1997). While a court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint generally "does not need detailed factual allegations." *Id.* So long as the factual allegations are "enough to raise a right to relief above the speculative level," the complaint will be deemed sufficient. *Id.* A "well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

### B.     Count I – Discrimination Based on Race, Sex, and Color

In Count I, Ms. Malloy alleges that Target discriminated against her because of her sex (female), color (Black), and race (African American), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17.[1] ECF No. 1 ¶¶ 50-57. Specifically, Ms. Malloy alleges that Target failed to take necessary steps to protect her from Moore's harassment and, in doing so, perpetuated a "hostile and offensive work environment." *Id.* Target argues that Ms. Malloy's

---

[1] Ms. Malloy also brings claims under the Maryland Fair Employment Practices Act ("MFEPA"). Because the same legal standards apply to her MFEPA claims as to her Title VII claims, the Court will not address them separately. *See Passwaters v. Wicomico Cnty.*, 824 F. App'x 171, 172 (4th Cir. 2020) (citing *Haas v. Lockheed Martin Corp.*, 396 Md. 469, 914 A.2d 735, 742 & n.8 (2007) (recognizing that "Title VII is the federal analog to" MFEPA and, thus, Maryland "courts traditionally seek guidance from federal cases in interpreting" the latter); *Hawkins v. Leggett*, 955 F. Supp. 2d 474, 496-97 (D. Md. 2013) (noting that federal courts use Title VII standards to judge discrimination and retaliation claims brought under MFEPA)).

discrimination claims must be dismissed. ECF No. 17-1 at 12-18. Ms. Malloy does not respond to Target's argument, beyond arguing that she could prove the claims through a witness if the case proceeded to trial

"In the context of a Title VII case, 'an employment discrimination plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). Instead, a Title VII plaintiff is "required to allege facts to satisfy the elements of a cause of action created by that statute." *Id.* (quoting *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)); *Coleman v. Maryland Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (explaining that a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). "Nevertheless, the elements of a prima facie case are a helpful guide in assessing the adequacy of the allegations." *Niner v. Garrett Cnty. Pub. Works*, No. ELH-17-2948, 2018 WL 3869748, at *16 (D. Md. Aug. 15, 2018).

In this case, Ms. Malloy does not allege direct evidence of discrimination. "Absent direct evidence, the elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman*, 626 F.3d at 190.

Target argues that Ms. Malloy's Title VII race, sex, and color discrimination claims must be dismissed because she does not allege that she suffered any adverse employment action. ECF No. 17-1 at 14-18. An adverse employment action "is a discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (internal quotation marks and citation omitted). It "constitutes

a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner*, LLC, 650 F.3d 321, 337 (4th Cir. 2011) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). In most cases, it inflicts direct economic harm. *Ellerth*, 524 U.S. at 762; *Guluma v. DeJoy*, No. DLB-20-3588, 2022 WL 1642261, at *5 (D. Md. May 24, 2022). Even when a plaintiff alleges a hostile work environment, unless the plaintiff alleges that the conditions of that environment adversely affected the material conditions of their employment, exposure to such an environment will not be deemed to constitute an "adverse employment action" for a Title VII discrimination claim. *Abraham v. Burwell*, No. RDB-15-1815, 2016 WL 6462072, at *4 n.3 (D. Md. Oct. 31, 2016).

Ms. Malloy has not alleged that Target's purported discrimination on the basis of her sex, race, and color had any adverse effect on her salary, benefits, job title, responsibilities, or promotion opportunities. Ms. Malloy has not responded to Target's argument that Count I must be dismissed for lack of any adverse employment action. The Court is persuaded by Target's argument and will dismiss Count I with prejudice. The Court declines to address Target's other arguments as to why Count I should be dismissed.

    **C.**     **Counts II and III – "Discrimination on the Basis of Sexual Harassment" and Hostile Work Environment**

In Count II, Ms. Malloy alleges that she "was subjected to unwelcome, offensive and harassing sexually discriminatory conduct" by Moore while employed by Target, and that this discriminatory conduct was based on Ms. Malloy's gender. ECF No. 1 ¶¶ 58-70. Ms. Malloy alleges that Target failed to "take any appropriate corrective actions" and that Target treated Ms. Malloy less favorably than it had treated another employee that complained of harassment by a

male coworker. *Id.* ¶¶ 61-63. The Court will construe this claim as a claim of hostile work environment, just as Ms. Malloy characterized it in paragraph 66 of the Complaint.[2]

In Count III, Ms. Malloy alleges that Target subjected her to a hostile work environment when it "failed to discipline her harasser/stalker who continuously violated a direct order[] not to contact Plaintiff in any way." *Id.* ¶¶ 71-79.

Target argues that Ms. Malloy's claims in Counts II and III must be dismissed. ECF No. 17-1 at 18-25. Ms. Malloy does not respond to Target's arguments on these points.

An employer violates Title VII "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victims' employment and create an abusive work environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted). To establish a prima facie case of hostile work environment, a plaintiff must prove (1) unwelcome conduct; (2) based on the plaintiff's protected class; (3) severe or pervasive enough to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) that is imputable to the employer. *Okoli v. City of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011). "Conduct is 'unwelcome' when it continues after the employee sufficiently communicates that it is unwelcome." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 117-18 (4th Cir. 2021) (quoting *Albero v. City of Salisbury*, 422 F. Supp. 2d 549, 557-58 (D. Md. 2006)). "Establishing the third element requires that the plaintiff show that the work environment was not only subjectively hostile, but also objectively so." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011). "To determine whether an environment is hostile, the Court must look at all the circumstances, which 'may include the frequency of the discriminatory conduct; its severity;

---

[2] To the extent that Ms. Malloy intended for Count II to raise a claim of "discrimination on the basis of sexual harassment," the Court will alternatively dismiss the claim because she has not alleged any adverse employment action in relation to the claim.

whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Roberts*, 998 F.3d at 117-18 (quoting *Harris*, 510 U.S. at 23); *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 276 (4th Cir. 2015).

Ms. Malloy's allegations in her hostile work environment claims fall short of the "high bar" she must clear to satisfy the severe or pervasive test. *See EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Even accepting the allegations as true and viewing all inferences in the light most favorable to her, a reasonable person in Ms. Malloy's position would not have found the work environment objectively hostile or abusive under the standard required in the Fourth Circuit. First, Ms. Malloy's allegations are conclusory and non-specific. She alleges that Moore "continuously" (1) violated the Safe & Secure Order that Target imposed, (2) stalked and harassed her at work, (3) stalked and harassed her in the parking lot, and (4) texted and called her. Yet she does not provide any detail of what this "stalking" and "harassment" entailed, nor does she provide dates of when it took place.[3] Without such detail, it is impossible to find that an objective person would have found the alleged problems in Ms. Malloy's work environment to be sufficiently severe or pervasive to alter the conditions of her employment. It may be that Ms. Malloy subjectively considered her work environment to be a hostile one because of Moore's misconduct, but the Court must apply an objective test. Applying that test, Ms. Malloy's hostile work environment claims fail. Counts II and III will be dismissed with prejudice.

---

[3] Ms. Malloy alleges that she reported to Target that around November 8, 2021, Moore had waited for her in the parking lot at the end of her shift and "drove off at a high rate of speed near Ms. Malloy in an attempt to intimidate her." ECF No. 1 ¶ 31. She does not explain how she determined that Moore's actions were designed to be intimidating. Still, this one incident of workplace misconduct, even when considered in combination with Ms. Malloy's other more conclusory allegations, is not severe enough to make Ms. Malloy's workplace into a hostile work environment.

"Workplaces are not always harmonious locales, and even incidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." *Lambert v. Savaseniorcare Admin. Servs., LLC*, No. DLB-20-2768, 2022 WL 3027993, at *15 (D. Md. July 29, 2022) (quoting *Sunbelt Rentals*, 521 F.3d at 315). Other courts have rejected hostile work environment claims arising from more serious harassment than what Ms. Malloy complains of here. *See id.* (citing *Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 219 (4th Cir. 2013) (unpublished) (per curiam) (affirming dismissal of hostile work environment claim when the plaintiff alleged a supervisor mockingly yelled at the plaintiff, yelled and pounded her hands during a meeting, repeatedly criticized the plaintiff, made snide comments to the plaintiff, and unfairly scrutinized the plaintiff's compliance with directives); *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006) (holding "rude treatment" by colleagues, including one agitated interaction, was not severe or pervasive harassment); *Lubula v. Rex Healthcare, Inc.*, No. 5:13-CV-822-BO, 2015 WL 11120503, at *2 (E.D.N.C. Mar. 3, 2015), *aff'd sub nom. Lubula v. Rex Healthcare*, 620 F. App'x 207 (4th Cir. 2015) (unpublished) (granting summary judgment to defendants where the harassment complained of involved the use of foul language and false accusations); *Khoury v. Meserve*, 268 F. Supp. 2d 600, 614 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004) (unpublished) (granting summary judgment to employer where the employee complained of repeated criticism and an incident where a supervisor yelled at her, told her she was incompetent, pushed her down in her chair, and blocked the door)); *see also Holloway v. State*, 32 F.4th 293, 299-301 (4th Cir. 2022) (affirming dismissal of hostile work environment claim where supervisor undermined plaintiff's leadership, yelled at plaintiff during meetings, and required plaintiff to address him as "sir"); *Taylor v. Go-Getters, Inc.*, No. ELH-20-3624, 2021 WL 5840956, at *13 (D. Md. Dec. 9, 2021) (dismissing hostile work environment claim in which plaintiff alleged that

his supervisor "'constantly' phoned him outside of work hours, reprimanded him for failing to perform his work-related duties, warned him that 'Black Males historically do not do well at Go-Getters,' failed to provide him with effective assistance, and made sarcastic comments" and collecting cases in which other courts have dismissed similarly non-severe claims); *Pounds v. Maryland Judiciary*, No. SAG-20-3379, 2021 WL 1751154, at *4–5 (D. Md. May 4, 2021) (dismissing hostile work environment claim in which the plaintiff's supervisor communicated in a "demeaning and belittling way, referring to Plaintiff as 'you people' and directing subordinates to closely scrutinize and target Plaintiff").

### D.     Count IV – Retaliation

Ms. Malloy alleges in Count IV that Target retaliated against her by (1) forcing her to work with Moore and (2) directing her to stop filing complaints about Moore and her managers upon risk of termination. ECF No. 1 ¶¶ 80-87. Ms. Malloy does not allege a causal relationship between any protected activity and Target's purported retaliatory actions. Target argues that Ms. Malloy's retaliation claims must be dismissed. ECF No. 17-1 at 25-26. Ms. Malloy does not respond to Target's arguments on this point.

Title VII bars employers from retaliating against an employee's protected activity. 42 U.S.C. § 2000e-3. To state a prima facie claim of retaliation, a plaintiff must allege she engaged in a protected activity, that the employer acted adversely against her, and that the protected activity was causally connected to the employer's adverse action. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). An adverse employment action in the retaliation context is one that "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)). "The Supreme Court has made clear

that the action complained of in a retaliation case must be materially adverse and represent significant as opposed to trivial harm." *Jackson v. Maryland Dep't of Com.*, No. JKB-19-1693, 2020 WL 551914, at *5 (D. Md. Feb. 4, 2020) (internal quotations omitted) (citing *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998) (Title VII is not meant to create "a general civility code for the American workplace.")). The adverse employment action complained of must rise above "petty slights, minor annoyances, and simple lack of good manners." *Id.* Causal connection may be established "through two routes." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 123 (4th Cir. 2021) (quoting *Johnson v. United Parcel Serv., Inc.*, 839 F. App'x 781, 784 (4th Cir. 2021)). The plaintiff may provide evidence of (1) temporal proximity or (2) "the existence of other facts that alone, or in addition to temporal proximity, suggests that the adverse employment action occurred because of the protected activity." *Johnson*, 839 F. App'x at 784.

Ms. Malloy's retaliation claims fails for two reasons: (1) she does not plausibly allege that she suffered any adverse employment action and (2) she does not allege that there is any causal connection between any adverse employment action and Target's desire to retaliate against her for engaging in protected activity.

Ms. Malloy alleges that she was forced to work on the same shifts as Moore and warned that if she filed any more complaints against Moore or her supervisors, she would be terminated. Neither of these allegations constitutes adverse employment actions. To the extent that Ms. Malloy claims she was harassed, stalked, and intimidated by Moore, as explained above, she has failed to plausibly allege how being forced to work with her were more than trivial harms. Her allegations are conclusory and non-specific. She does not address how many times she was harassed and stalked, nor does she provide details of Moore's purported misconduct. The same goes for Ms.

Malloy's allegation that Target instructed her to stop filing complaints against Moore and her managers.

Ms. Malloy does not allege that Target retaliated against her by subjecting her to a hostile work environment. But even if she had, her retaliation claims would still fail. "The creation of a hostile work environment can constitute a materially adverse action for purposes of a retaliation claim." *Carrico v. Prince George's Cnty. Gov't*, No. TDC-17-0822, 2020 WL 1434102, at *3 (D. Md. Mar. 24, 2020) (citing *Von Gunten v. Maryland*, 243 F.3d 858, 869-70 (4th Cir. 2001) ("Retaliatory harassment can constitute adverse employment action."), o*verruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67-68 (2006)). As discussed above, Ms. Malloy has not plausibly alleged the creation of a hostile work environment. Courts within the Fourth Circuit have dismissed hostile work environment claims based on more serious allegations than those raised in the Complaint.

Finally, even if Ms. Malloy had alleged that Target made an adverse employment action against her, she has not alleged that Target did so out of retaliatory animus; she has not alleged any causal connection. *See* ECF No. 1 ¶¶ 80-87. Without an allegation of causal connection, Ms. Malloy fails to allege facts sufficient to state a claim for relief. *See Pitts v. Baltimore Police Dep't*, No. RDB-22-1404, 2023 WL 3158705, at *6 (D. Md. Apr. 28, 2023). Accordingly, her retaliation claims must be dismissed.

E.   **Count V – Negligent Hiring and Retention of Employment**

In Count V, Ms. Malloy alleges that Target is responsible for all of Moore's alleged misconduct under the doctrine of *respondeat superior* and that Target breached its duty of care to Ms. Malloy to protect her from injury by Moore. ECF No. 1 ¶¶ 88-103. Ms. Malloy also alleges that Target discriminated against her, harassed her, subjected her to a hostile work environment,

and retaliated against her. *Id.* ¶ 96. Target moves to dismiss this claim. ECF No. 17-1 at 27-28. Ms. Malloy did not respond to Target's arguments.

The Court finds that Ms. Malloy's claim for negligent hiring and retention of Moore must be dismissed because, to the extent it states any claim at all, it only states a claim based on Target's alleged violation of Title VII. Ms. Malloy does not state a plausible claim that Moore committed a common law tort under Maryland law, or that Target committed any violation other than the claims she asserted in Counts I-IV. The Court is persuaded by Target's argument and will dismiss Count V because it fails to state a plausible claim and because it is otherwise preempted by Title VII. *See* ECF No. 17-1 at 27-28 (citing *Cook v. Nati'l Ctr. On Institutions*, No. RDB-14-1776, 2014 WL 7409890, at *4 (D. Md. Dec. 29, 2014)); *Murphy v. Republic Nat'l Distrib. Co.*, No. JFM-13-2758, 2014 WL 4406880, at *10 (D. Md. Sept. 5, 2014); *Davidson-Nadwodny v. Wal-Mart Assoc., Inc.*, No. CCB-07-2595, 2008 WL 2415035 (D. Md. June 3, 2008)); *see also Bishop v. Bd. of Educ. of Calvert Cnty.*, No. DKC 11-1100, 2011 WL 2651246, at *10 (D. Md. July 5, 2011), *aff'd sub nom. Bishop v. Bd. of Educ. for Calvert Cnty. Pub. Sch.*, 466 F. App'x 261 (4th Cir. 2012).

**III.   Conclusion**

For the reasons set forth above, Target's Motion to Dismiss (ECF No. 17) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.[4]

Date:  May 12, 2023                                    /s/
                                                                Timothy J. Sullivan
                                                                United States Magistrate Judge

---

[4] The Court declines to dismiss Ms. Malloy's claims with prejudice because (1) she claims the alleged misconduct is ongoing and (2) she may in the future be able to plausibly raise similar claims. But because she has failed to do so here, and because she has not sought leave to amend her Complaint, this case must be dismissed.